# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

       v.                                 CR. NO.: 08-10065-EFH

STEPHEN CHEN
        Defendant,

JEN CHEN,
        Claimant.

## **MEMORANDUM AND ORDER**

November 3, 2011

HARRINGTON, S.D.J.

      This matter comes before the Court after an evidentiary hearing under 12 U.S.C. § 853(n)(2) to determine the ownership of a vehicle, forfeited to the United States following the guilty plea of defendant Stephen Chen. Claimant Jen Chen, Stephen's mother, brings this ancillary proceeding, seeking an amendment to this Court's November 12, 2009 Preliminary Order of Forfeiture reflecting, what she contends to be, her superior right to the vehicle under 12 U.S.C. § 853(n)(6)(A). Having heard the testimony of the witnesses and considered those exhibits which were admitted at the hearing, and having heard the arguments of counsel, the Court makes the following findings of fact and conclusions of law.

*Finding of fact:*

      On March 20, 2008, a federal grand jury issued a five count indictment charging Stephen Chen and others with drug violations. Stephen was charged with one count of conspiracy to

distribute marijuana in violation of 21 U.S.C.§ 846 (Count One). Count One charged a conspiracy existing "at least from in or about May 2007, and continuing up to on or about February 15, 2008." The indictment included a forfeiture allegation, pursuant to 21 U.S.C.§ 853, which sought, upon conviction of any of the offenses alleged in Counts One through Five of the Indictment, the forfeiture of any and all property constituting, or derived from, any proceeds the defendants obtained directly or indirectly as a result of the charged offenses; and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses.

On July 1, 2008, the United States filed a bill of particulars giving notice that it intended to forfeit the following property: (a) one white 2006 Mercedes-Benz CLS500 Sedan, bearing Vehicle Identification Number WDDDJ75X66A050956 and Massachusetts Registration No. 48GS47 (the "Mercedes").

On May 12, 2009, Stephen pled guilty to Count One of the Indictment. On November 12, 2009, this Court issued a Preliminary Order of Forfeiture, which stated that "pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure the government has established the requisite nexus between the Mercedes and the offenses to which the Defendant pled guilty. Accordingly, the Mercedes is hereby forfeited to the United States of America for disposition."

The United States served notice of the Preliminary Order of Forfeiture, and on December 15, 2009, the Claimant filed a claim to the Mercedes asserting that she was the true owner of the vehicle. On September 12, 2011, this Court held a hearing on the matter.

The Mercedes was purchased on July 18, 2007, from Lynnway Auto Sales, Inc. The purchase price was $59,277. At the Hearing, Claimant testified that the Mercedes was purchased

with an $8,000 trade-in on a GMC Yukon, payment of $35,000 from an account owned by both Claimant and her husband, and financing for the remainder of the purchase. The GMC Yukon was titled in the name of Stephen Chen, and was paid for by both Stephen and the Claimant.

The $35,000 payment, Claimant testified, came from bank accounts owned by Claimant and her husband, to which both Claimant and her husband contributed. Claimant further testified that the payment for the financed portion of the Mercedes was also paid out of accounts contributed to and owned by both Claimant and her husband.

Although Claimant and Stephen both signed the motor vehicle purchase contract, only Stephen's name was on the title and he kept possession of the paper title. Claimant's name was never on the title.

After the Mercedes was purchased, Stephen drove the Mercedes and kept it with him at his apartment. If he went to visit Claimant, he would drive the car to Claimant's home, and then would take the Mercedes with him when he left. Claimant testified that she drove the Mercedes on a couple of occasions. Stephen took the vehicle in for repairs. During the period of July of 2007 to February, 2008, Claimant gave Stephen the amount of $500.00 per month for his expenses, including the purchase of gas for the Mercedes.

On February 8, 2008, the day that the Mercedes was seized, Stephen had the title to the Mercedes with him in the car. Earlier that same day, he had a phone conversation with his co-defendant in the criminal case, Keith Ngan. On that call, Stephen said he would turn title for the Mercedes over to Ngan to pay off a debt. Stephen and Ngan agreed that Stephen would drive the Mercedes to meet Ngan later that day and bring the title with him to sign over ownership. Stephen was on his way to meet Ngan, with the Mercedes title in hand, when he was stopped by a

3

Massachusetts State Trooper and the Mercedes was seized.

Claimant understood the Mercedes to be a gift to Stephen. Claimant was concerned about previous troubles Stephen had with staying in college programs and wanted to encourage him to attend college. Claimant told Stephen that she would provide funds for a vehicle if he agreed to enroll in school, attend classes, and graduate.

From the date of the gift to February 8, 2008, the date of seizure, Stephen was fulfilling the conditions outlined by Claimant, as he had enrolled in school and was attending classes.

*Conclusions of law:*

To amend the Court's Preliminary Order of Forfeiture under § 853(n)(6)(A), the relevant inquiry is whether, under Massachusetts law, the Claimant has established by a preponderance of the evidence that a legal right, title, or interest in the Mercedes vested in her, rather than in Stephen, at the time of the commission of the crime for which Stephen was convicted. Id. § 853(n)(6);[1] United States v. Nava, 404 F.3d 1119, 1129 (9th Cir. 2005).

Under Massachusetts law, gift transfers with conditions attached are valid. Fuss v. Fuss,

---

[1] Section 853(n)(6) specifically states that the order of forfeiture may be amended upon the petitioner's showing, by a preponderance of the evidence, that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.
>
> 21 U.S.C. § 853(n)(6).

368 N.E.2d 276, 279 (Mass. 1977) ("An inter vivos gift is not invalid merely because subject to a condition.").[2] "The owner of personal property may make a gift thereof to another person (the donee) in which the donor retains a reversionary interest by delivering the personal property to the donee, or to a third person for the donee, with the manifested intention that the donee acquire an ownership that terminates . . . on the occurrence or nonoccurrence of some event or condition." Restatement (Second) of Property: Donative Transfers § 31.2 (1992); see also Van Riper v. Van Riper, 834 N.E.2d 239, 240 (Mass. 2005) ("The settlor correctly asserts that [placing a condition on a gift] will have the effect of minimizing her gift tax on the property by creating a reversionary interest in the property, thus reducing the value of the gift."); Bone v. Holmes, 81 N.E. 290, 291 (Mass. 1907) (gift of bond where donor retained life estate, vested title in the donee "subject to a qualified reservation of the interest, in the donor").

Massachusetts law considers a reversionary interest "vested" in the interest holder if such interest is certain to take effect or if no other event or contingency, except for the death of the interest holder, prevents such interest from taking effect. See Whiteside v. Merchants Nat'l Bank, 187 N.E. 706, 710 (Mass. 1933); Queen v. Vermont Mut. Ins. Co., 589 N.E.2d 325 (Mass.App.Ct.,1992) (interest contingent on interest holder living long enough is referred to as an "interest vested in a contingent right."). Interests that are based on contingencies other than the death of the interest holder are generally considered too speculative to be treated as vested under

---

[2] In order for a transfer to be deemed an inter vivos gift there must be (1) donative intent on the part of the donor; and (2) actual or symbolic deliver of the subject matter of the gift in a manner which completely transfers the dominion and control to the donee. Silverman v. A. & L. Heel Corp., 228 N.E.2d 720, 722 (Mass. 1967); Fuss, 368 N.E.2d 276 at 479 ("All persons involved conceived of the transaction as a gift"). Here, both parties characterize the transfer as a gift and the Court finds donative intent on the part of the Claimant and delivery of the vehicle to Stephen.

Massachusetts law. See Clarke v. Fay, 91 N.E. 328, 331 (Mass. 1910) (interest not vested where subject to (1) survival of beneficiary; (2) survival of third party; (3) contingency that third party not leave surviving issue); Edwards v. MacCleod, 1995 WL 808631 (Mass.Super. 1995) (interest not vested where conditioned on grantor's decision to revoke).

Here, the Claimant's reversionary interest, created by the conditional gift, was not "vested" in the Claimant at the time of the commission of the crime. The gift of the Mercedes was made with the intention that Stephen's ownership would last as long as Stephen enrolled in college, attended classes, and successfully graduated. At the time of the commission of the crime, Stephen was enrolled in college, was attending classes and was working towards graduation. The Claimant's interest was, therefore, at that time nothing more than a mere possibility. Such an interest is not vested under Massachusetts law and does not "render[] the order of forfeiture invalid in whole or in part" under § 853(n)(6)(A).[3]

Claimant's Petition to Amend the Preliminary Order of Forfeiture is hereby DENIED.

---

[3] The Claimant contends that the equitable concepts of constructive trust and resulting trust require that the order of forfeiture of the vehicle be amended. The cases cited by the Claimant, however, do not establish that those concepts are applicable to the case at hand. See e.g. Maskell v. Maskell, 243 N.E.2d 804, 806 (Mass. 1969) (No resulting trust where transfer gratuitous and no constructive trust unless fraud or other inequity between the parties to transfer at time of transfer). The Court also will not consider the Claimant's argument with respect to the propriety of the forfeiture as the Claimant does not have standing to challenge such determination in this ancillary proceeding. See Fed.R.Crim.P. 32.2(c)(2); Nava, 404 F.3d at 1124 ("In a proceeding under § 853, the sole legal issue before the court is the ownership interests of the competing parties, a consideration that is often irrelevant in an in rem civil forfeiture action, which turns instead on the culpability of the owner and the role of the property in the prohibited activity.") (internal quotations omitted).

Therefore, this Court enters a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge